UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY JAMIL FLENAUGH,

Plaintiff,

v.

GREATER LAKES MENTAL HEALTHCARE,

Defendant.

CASE NO. 3:26-cv-05247-LK

ORDER DISMISSING COMPLAINT

This matter comes before the Court on Magistrate Judge Grady Leupold's Order granting Plaintiff Tiffany Flenaugh's Application to Proceed In Forma Pauperis. Dkt. No. 3. Judge Leupold advised that the Court review Flenaugh's complaint under 28 U.S.C. § 1915(e)(2). *Id.* at 1. He also advised that "further filings submitted by Plaintiff may not be considered until after the assigned District Judge completes the review." *Id.* Flenaugh subsequently filed an amended complaint. Dkt. No. 6.

The Court must dismiss a case where the plaintiff is proceeding IFP "at any time" if it determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C.

§ 1915(e)(2)(B)(ii). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010). A complaint needs to clearly set forth the "who, what, where, when, and why" necessary for the Court to understand what a plaintiff is alleging. *See* Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain factual content sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged"). And Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must give the defendant fair notice of the claim and the facts on which it rests, and "[f]actual allegations must be enough to raise a right to relief above the speculative level").

Additionally, "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction," *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007), and the Court is required to sua sponte "examine jurisdictional issues," *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation modified).

Flenaugh's complaint alleges that the Court has diversity jurisdiction of this case because "the defendants are . . . domiciled in Washington" and Flenaugh "is a resident of Fairbanks, Alaska[.]" Dkt. No. 4 at 1–2. She claims to have "scheduled an appointment with Greater Lakes Mental Healthcare" and was "scheduled for a screening on September 24, 2025." *Id.* at 2. She "was placed with a mental health provider by the name of Marie Zemanek." *Id.* Flenaugh was

dissatisfied with Zemanek's care, and her "last counseling session with Zemanek was on November 10, 2025." *Id.*

Flenaugh avers that she "was recently contacted by her Federal Attorney . . . that a Probation Officer out of the State of Alaska . . . had contacted her raising concerns." *Id.* Flenaugh alleges that the probation officer "threatened to put a warrant out for her arrest for non-compliance regarding a statement made by Zemanek." *Id.* at 3. Zemanek's alleged statement was that Flenaugh "is declining to complete a treatment plan or set goals other than finding housing." *Id.* Flenaugh claims that this "statement is at least negligent[.]" *Id.* She seeks monetary damages and attorney's fees "not exceed[ing] $100,000." *Id.* at 3–4.

Flenaugh's complaint is "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. While the Court construes Flenaugh's complaint liberally, there is nothing in the complaint establishing a cognizable legal theory for which relief may be granted. *Shroyer*, 622 F.3d at 1041. Moreover, the Court can find no basis to support $75,000 in damages such that the Court has diversity jurisdiction over the case. "Courts routinely reject conclusory, unsupported statements regarding alleged amounts in controversy." *Gigi's, Inc. v. Gina Butler*, No. CV20-03134-AB (PJWx), 2020 WL 5498069, at *2 (C.D. Cal. June 23, 2020) (citation modified) (collecting cases); *see also*, *e.g.*, *Berrocal v. Samsung Elecs. Co.*, No. 25-50259, 2025 WL 3488842, at *3 (5th Cir. Dec. 4, 2025) (it was "apparent to a legal certainty" that plaintiff's claim was for less than the jurisdictional amount where plaintiff implausibly alleged that a $2,500 refrigerator breaking generated $50,000 in damages); *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 42–43 (1st Cir. 2012) (plaintiff's allegation that the amount in controversy was "at least $1,000,000" did not qualify as sufficient particularity where he provided no substantiation for the sum other than "bald statements and round numbers").

The amended complaint fares worse. Dkt. No. 6. Flenaugh's factual allegations are largely identical, but she seeks "money and damages where the amount . . . does not exceed $75,000[.]" Dkt. No. 6 at 3.[1] Therefore, the Court cannot conclude that the amount-in-controversy requirement for diversity jurisdiction has been satisfied and must dismiss the complaint.

While courts liberally provide pro se plaintiffs leave to amend, *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990), that is not limitless. Denying leave to amend is appropriate when Plaintiffs have previously amended their complaint, *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996), and when granting leave to amend would be futile, *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Flenaugh already amended her complaint once, Dkt. No. 6, and the nature of the deficiencies identified above demonstrate that amendment appears futile. Therefore, the Court denies leave to amend. *See Lockheed Martin Corp.*, 194 F.3d at 986 ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").

For the foregoing reasons, the Court DISMISSES Flenaugh's amended complaint. The Clerk shall close this case.

Dated this 4th day of September, 2026.

Lauren King
United States District Judge

[1] Flenaugh adds that "[n]either party challenges the diversity of citizenship in this case," *id.* at 1, but summonses have not yet issued, and parties cannot stipulate to subject matter jurisdiction. *Hajro v. U.S. Citizenship and Immigr. Servs.*, 811 F.3d 1086, 1100 n.8 (9th Cir. 2016).